**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| COURTNEY DREY, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **No.** |
| v. | ) ) | **Judge:** |
| THE QUAKER OATS COMPANY, | ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Plaintiff COURTNEY DREY ("Plaintiff" or "Drey"), by and through her attorneys, brings this Class Action Complaint ("Complaint") against Defendant THE QUAKER OATS COMPANY ("Defendant" or "Quaker Oats"), as follows:

**INTRODUCTION**

1.     Plaintiff brings this suit on behalf of herself and a Class of similarly situated individuals seeking redress from Quaker Oats for falsely representing that its food products contain maple syrup and/or maple sugar, when, in fact, they do not. Plaintiff seeks restitution and other equitable, injunctive, declaratory, and monetary relief as set forth below.

2.     Pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA"), a food shall be considered "misbranded" if "its labeling is false or misleading in any particular." 21 U.S.C. § 343(a)(1).

3.     Pursuant to the Illinois Food, Drug and Cosmetic Act ("IFDCA"), a food is "misbranded" if "its labeling is false or misleading in any particular." *See* 410 ILCS 620/11(a).

4.     The Quaker Oats Company manufactures, markets, distributes, and sells a variety of Quaker Oats Maple & Brown Sugar Instant Oatmeal products. The falsely represents and

advertises that these products contain maple syrup or maple sugar, but these products do not contain any maple syrup or maple sugar.

5.      By misrepresenting the key ingredients in its products, Defendant engaged, and still engages in, business practices that are unlawful, unfair, and deceptive because consumers reasonably rely on Defendant's material misrepresentations to their detriment.

## PARTIES

6.      Plaintiff COURTNEY DREY is a natural person and resident and citizen of the State of California.

7.      Defendant THE QUAKER OATS COMPANY is a New Jersey corporation with its principal place of business in Chicago, Illinois, that does business nationwide, including in the State of Illinois.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $5 million, and some members of the Class are citizens of states different than Defendant.

9.      Venue is proper in this District because Defendant transacts business in the Northern District of Illinois.  Quaker Oats products are sold at hundreds of grocery stores located in this district.  Further, a substantial part of the events occurred in this District, and a substantial potion of the evidence is thought to be located in this District, because Defendant is headquartered in this District.

**CAUSE OF ACTION**

10.     Maple syrup and maple sugar are premium ingredients that companies add to sweeten food products. Maple syrup contains an abundant amount of naturally occurring minerals and beneficial antioxidants that have been shown to have positive health effects.

11.     Maple syrup is believed to have a higher nutritional value than other sweeteners.

12.     Defendant claims to use maple syrup and maple sugar in Quaker Oats Maple & Brown Sugar Instant Oatmeal, Quaker Oats Maple & Brown Sugar High Fiber Instant Oatmeal, Quaker Oats Maple & Brown Sugar Gluten Free Instant Oatmeal, Quaker Oats Maple & Brown Lower Sugar Instant Oatmeal, Quaker Oats Maple & Brown Sugar Weight Control Instant Oatmeal, and Quaker Oats Maple & Brown Sugar Organic Instant Oatmeal (collectively, "Quaker Oats Oatmeal"). Quaker Oats Oatmeal prominently displays the words "Maple & Brown Sugar" on its packaging along with images of a pitcher of maple syrup.

13.     Consumers reasonably rely on Defendant's representations, including those representations in the name of these products and the images and statements on Quaker Oats Oatmeal's packaging that Quaker Oats Oatmeal contains maple syrup and/or maple sugar, that indicate that the products contain maple syrup and maple sugar.

14.     Food products that are represented as containing maple syrup or maple sugar command a premium in the marketplace. In addition, companies increase sales when they represent that a product contains these ingredients.

15.     At all relevant times, Defendant was responsible for the manufacturing, packaging, labeling, promotion, distribution, and sale of Quaker Oats Oatmeal throughout the nation, including in the state of Illinois.

3

16.     On the front packaging of all Quaker Oats Oatmeal, Defendant places a prominent image of a glass pitcher of maple syrup and the words "Maple & Brown Sugar" appear in bold in the name of the products.

17.     The front packaging of all Quaker Oats Oatmeal is the same or substantially similar.

18.     However, Quaker Oats Oatmeal does not contain any maple syrup or maple sugar, as Defendant represents.  Therefore, Quaker Oats Oatmeal's labeling is false and misleading, and Quaker Oats Oatmeal is misbranded under state and federal law.  *See* 21 U.S.C. § 343(a)(1); 410 ILCS 620/11(a).

19.     Drey purchased Quaker Oats Oatmeal several times during the class period alleged below.

20.     Before deciding to purchase Quaker Oats Oatmeal, Drey searched for instant oatmeal items that contained maple syrup and/or maple sugar.

21.     Drey viewed and relied upon Defendant's representations that Quaker Oats Oatmeal contains maple syrup and/or maple sugar, including the representations in the name of the product and the prominent image of maple syrup on the product packaging.

22.     Because Drey was purchasing a product that was labeled as containing maple sugar and/or maple syrup ingredients, she reasonably believed that it, in fact, contained these ingredients.

23.     It was reasonable for Drey to rely on Defendant's representations that Quaker Oats Oatmeal contains maple syrup and/or maple sugar in deciding to purchase Quaker Oats Oatmeal.

4

24.     Defendant willfully misrepresented that its products contain maple syrup and/or maple sugar knowing that consumers, including Drey, would reasonably rely on Defendant's representations on the labels of Quaker Oats Oatmeal, including the names of these products, images of maple syrup, and the declaration that the products contain maple syrup and/or maple sugar, to inform them of whether the products contain maple syrup and/or maple sugar.

25.     The presence of premium ingredients maple sugar and/or maple syrup in Quaker Oats Oatmeal has a material bearing on consumers' decision to buy them.

26.     According to the Vermont Maple Sugar Makers' Association and over ten other maple industry groups, this business practices injures consumers and maple syrup manufacturers:

> This unchecked misbranding has an adverse impact on manufacturers of products containing real maple syrup, as it allows cheaper products not containing premium ingredients to compete with those actually containing maple syrup. Further, it deceives consumers into believing they are purchasing a premium product when, in fact, they have a product of substantially lower quality.[1]

27.     Accordingly, Drey and members of the Class have been harmed because they overpaid for the products and would not have purchased the products had they known that the products did not contain any maple syrup or maple sugar.

28.     Had Drey known that Quaker Oats Oatmeal did not contain maple syrup or maple sugar as an ingredient, she would not have purchased the product, or she would have paid substantially less for it.  As a result, Drey has suffered damages, including the amount of money she paid to purchase Quaker Oats Oatmeal.

29.     In addition to monetary damages, Drey seeks injunctive relief to stop Defendant from engaging in unlawful, unfair, and deceptive business practices by misrepresenting that Quaker Oats Oatmeal contains maple syrup and/or maple sugar when it does not.

---

[1] *See* Feb. 15, 2016 Letter from Vermont Maple Sugar Makers' Association to the Food and Drug Administration available at https://consumermediallc.files.wordpress.com/2016/02/fdamaple.pdf (last visited March 1, 2016)

## CLASS ALLEGATIONS

30. **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. Rule 23, on behalf of a nationwide class of similarly situated individuals and entities ("the Class"), defined as follows:

> All persons in the United States who purchased Quaker Oats Maple & Brown Sugar Instant Oatmeal (Classic Recipe), Quaker Oats Maple & Brown Sugar High Fiber Instant Oatmeal, Quaker Oats Maple & Brown Sugar Gluten Free Instant Oatmeal, Quaker Oats Maple & Brown Lower Sugar Instant Oatmeal, Quaker Oats Maple & Brown Sugar Weight Control Instant Oatmeal, or Quaker Oats Maple & Brown Sugar Organic Instant Oatmeal.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

31. Plaintiff also brings this action pursuant to Fed. R. Civ. P. Rule 23, on behalf of a subclass of similarly situated individuals and entities ("the California Subclass"), defined as follows:

> All California residents who purchased Quaker Oats Maple & Brown Sugar Instant Oatmeal (Classic Recipe), Quaker Oats Maple & Brown Sugar High Fiber Instant Oatmeal, Quaker Oats Maple & Brown Sugar Gluten Free Instant Oatmeal, Quaker Oats Maple & Brown Lower Sugar Instant Oatmeal, Quaker Oats Maple & Brown Sugar Weight Control Instant Oatmeal, or Quaker Oats Maple & Brown Sugar Organic Instant Oatmeal.

Excluded from the California Subclass are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the California Subclass; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

32.     **Numerosity**: The Class is so numerous that joinder of individual members would be impracticable.  Quaker Oats Oatmeal is sold at thousands of retail grocery stores throughout the country, as well as through other outlets. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are at least thousands of Class members.

33.     **Commonality and Predominance**: There are several questions of law and fact common to the claims of the Plaintiff and members of the putative Class, which predominate over any individual issues, including:

      a.     Whether Quaker Oats Oatmeal contains maple syrup and/or maple sugar;

      b.     Whether Defendant misrepresents that Quaker Oats Oatmeal contains maple syrup and/or maple sugar;

      c.     Whether Defendant failed to inform Plaintiff and the Class that Quaker Oats Oatmeal does not contain maple syrup and/or maple sugar;

      d.     Whether Defendant warranted to consumers that Quaker Oats Oatmeal contains maple syrup and/or maple sugar;

      e.     Whether Defendant breached that warranty;

      f.     Whether Defendant's conduct violates the Illinois Food, Drug and Cosmetic Act;

      g.     Whether Defendant's conduct constitutes unfair or deceptive business practices under the Illinois Consumer Fraud and Deceptive Trade Practices Act;

      h.     Whether Defendant violated the Consumer Fraud and Deceptive Trade Practices Acts of the fifty states and the District of Columbia;

      i.     Whether Defendant's conduct constitutes fraud;

      j.     Whether Defendant's conduct constitutes fraudulent misrepresentation;

      k.     Whether Defendant's conduct resulted in Defendant unjustly retaining a benefit to the detriment of Plaintiff and Class members, and violated the fundamental principles of justice, equity, and good conscience.

34.     **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class.  All claims are based on the same legal and factual issues, to wit: Defendant's misrepresentations regarding whether Quaker Oats Oatmeal contains maple syrup and/or maple sugar.

35.     **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiff does not have any interests antagonistic to those of the proposed Class.  Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation.  The questions of law and fact common to the proposed Class members predominate over any questions affecting only individual Class members.

36.     **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.  Individual actions are not economically feasible.  The trial and the litigation of Plaintiff's claims are manageable.

37.     Unless a class is certified, Defendant will retain monies received as a result of its conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Defendant will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

38.     Defendant has acted and refused to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

**FIRST CLAIM FOR RELIEF:**
**Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act**
**(815 ILCS 505/1, *et seq.*) (on Behalf of the Nationwide Class and California Subclass)**

39.     Plaintiff repeats and re-alleges the allegations of the paragraphs 1-38 with the same force and effect as though fully set forth herein.

40.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, provides protection to consumers by mandating fair competition in commercial markets for goods and services.

41.     The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act". 815 ILCS 505/2.

42.     The ICFA applies to Defendant's acts as described herein because it applies to transactions involving the sale of goods or services to consumers.

43.     Defendant is a "person," as defined by 815 ILCS 505/1(c).

44.     Plaintiff and each member of the Class are "consumers," as defined by 815 ILCS 505/1(e), because they purchased Quaker Oats Oatmeal for personal use.

45.     Quaker Oats Oatmeal is "merchandise," as defined by 815 ILCS 505/1(b).

46.     Defendant made false and fraudulent statements, and misrepresented material facts, regarding its products sold to consumers, including the misrepresentation that Quaker Oats Oatmeal contains maple syrup and/or maple sugar.

47.     Defendant omitted material facts regarding its products sold to consumers, including the fact that Quaker Oats Oatmeal does not contain maple syrup and/or maple sugar.

48. Defendant's misrepresentations and omissions regarding its Quaker Oats Oatmeal constitute deceptive and unfair acts or practices prohibited by the ICFA.

49. Defendant's misrepresentations and omissions possess the tendency or capacity to mislead and create the likelihood of deception.

50. Defendant's aforementioned misrepresentations and omissions were used or employed in the conduct of trade or commerce, namely, the marketing, sale, and distribution of their Quaker Oats Oatmeal.

51. Defendant's aforementioned misrepresentations and omissions are unfair business practices because they offend public policy and cause substantial injury to consumers.

52. Defendant's aforementioned conduct is deceptive and unlawful because it violated section 343(a)(i) of the FDCA and section 620/11(a) of the IFDCA.

53. Defendant intended that Plaintiff and Class members rely on the false statements, misrepresentations, and omissions of material facts in purchasing Quaker Oats Oatmeal.

54. Plaintiff and Class members reasonably relied on Defendant's misrepresentations and omissions when they purchased Quaker Oats Oatmeal.

55. Acting as reasonable consumers, had Plaintiff and Class members been aware of the true facts regarding Quaker Oats Oatmeal, they would have declined to purchase the Quaker Oats Oatmeal, or they would have paid less for it.

56. As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for Quaker Oats Oatmeal which, in fact, does not contain maple syrup and/or maple sugar as represented.

10

57.    Plaintiff and Class members could not have reasonably avoided the injuries suffered by purchasing the Quaker Oats Oatmeal because it was reasonable for Plaintiff and Class members to rely on Defendant's misrepresentations and omissions.

58.    The injury suffered by consumers as a result of Defendant's unfair and deceptive trade practices is substantial because consumers unknowingly paid for Quaker Oats Oatmeal that does not, in fact, contain maple syrup and/or maple sugar, as represented.

59.    As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiff and members of the Class suffered damages by purchasing Quaker Oats Oatmeal because they would not have purchased the Quaker Oats Oatmeal, or they would have paid substantially less for them, had they known the truth, and they received a product that was worth less than what they paid.

60.    The injuries to Plaintiff and the members of the Class were caused by Defendant's conduct in disseminating false and misleading advertising that originated in the state of Illinois, including the misrepresentations on Quaker Oats Oatmeal's label described above.  All of the marketing, advertising, labeling, and other promotional activities were coordinated at, emanate from, and are developed at Defendant's Illinois headquarters.  All critical decisions regarding Defendant's representations regarding Quaker Oats Oatmeal were made in Illinois.

61.    When Plaintiff and the members of the Class purchased Quaker Oats Oatmeal, those payments were processed and the money was sent to Defendant's headquarters in Illinois.

WHEREFORE, Plaintiff COURTNEY DREY, individually, and on behalf of the Class and the California Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the California Subclass defined herein;

11

B.   Designating Plaintiff as representative of the Class and the California Subclass and her undersigned counsel as Class Counsel;

C.   Entering judgment in favor of Plaintiff, the Class, and/or the California Subclass and against Defendant;

D.   Enjoining Defendant from making false representations and omissions concerning Quaker Oats Oatmeal that will be sold to customers;

E.   Awarding Plaintiff, the Class, and/or the California Subclass damages equal to the amount of actual damages that they sustained, plus punitive damages;

F.   Awarding Plaintiff, the Class, and/or the California Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.   Granting all such further and other relief as the Court deems just and appropriate.

**SECOND CLAIM FOR RELIEF:**
**Violation of the Consumer Fraud and Deceptive Trade**
**Practices Acts of the Various States and District of Columbia**
**(on Behalf of the Nationwide Class)**

62.   Plaintiff repeats and re-alleges the allegations in Paragraphs 1-38 with the same force and effect as though fully set forth herein.

63.   Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 states and the District of Columbia for violations of the respective statutory consumer protection laws, as follows:

a.   the Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*;

b.   the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq.*;

c.   the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

d.   the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

e.   the California Unfair Competition Law, Bus. & Prof. Code §§17200, *et*

12

*seq.* and 17500 *et seq.*;

f.     the California Consumers Legal Remedies Act, Civil Code §1750, *et seq.*;

g.     the Colorado Consumer Protection Act, C.R.S.A. §6-1-101, *et seq.*;

h.     the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

i.     the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

j.     the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

k.     the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

l.     the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

m.     the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

n.     the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

o.     the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

p.     the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*;

q.     The Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, *et seq.*;

r.     the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

s.     the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

t.     the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

u.     the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

v.     the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

w.     the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

x.     the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

y.     the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68,

*et seq*.;

z.    the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq*.;

aa.    the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq*.;

bb.    the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq*.;

cc.    the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq*.;

dd.    the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq*.;

ee.    the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq*.;

ff.    the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq*.;

gg.    the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq*.;

hh.    the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq*.;

ii.    the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq*.;

jj.    the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq*.;

kk.    the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq*.;

ll.    the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq*.;

mm.    the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq*.;

nn.    the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*.;

oo.    the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq*.;

pp.    the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq*.;

qq.    the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq*.;

rr.    the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq*.;

ss.    the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq*.;

tt.    the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq*.;

uu.    the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq*.;

vv.    the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq*.;

ww.    the Washington Consumer Protection Act, RCWA 19.86.010, *et seq*.;

xx.    the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq*.;

yy.    the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq*.; and

zz.    the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq*.

64.    Quaker Oats Oatmeal products are consumer goods.

65.    Defendant engaged, and still engages, in unfair or deceptive acts or practices when Defendant misrepresented and continues to misrepresent material facts regarding its Quaker Oats Oatmeal sold to consumers, including the misrepresentation that Quaker Oats Oatmeal contains maple syrup and/or maple sugar.

66.    Defendant omitted material facts regarding its Quaker Oats Oatmeal sold to consumers, including the fact that Quaker Oats Oatmeal does not contain maple syrup and/or maple sugar.

67.    Defendant's misrepresentations and omissions possess the tendency or capacity to mislead and create the likelihood of deception.

68.    Defendant's aforementioned misrepresentations and omissions were used or employed in the conduct of trade or commerce, namely, the marketing, sale, and distribution of the Quaker Oats Oatmeal to Plaintiff and Class members.

69.     Defendant's aforementioned misrepresentations and omissions are unfair business practices because they offend public policy and cause substantial injury to consumers.

70.     Defendant's aforementioned conduct is deceptive and unlawful because it violated section 343(a)(i) of the FDCA and section 620/11(a) of the IFDCA.

71.     Defendant intended, and still intends, that Plaintiff and Class members rely on the false statements, misrepresentations, and omissions of material facts in purchasing Quaker Oats Oatmeal.

72.     Plaintiff and Class members reasonably relied on Defendant's misrepresentations and omissions when they purchased Quaker Oats Oatmeal.

73.     Acting as reasonable consumers, had Plaintiff and Class members been aware of the true facts regarding Quaker Oats Oatmeal, they would have declined to purchase the Quaker Oats Oatmeal, or they would have paid less for it.

74.     As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for Quaker Oats Oatmeal, which were significantly mislabeled as containing maple syrup and/or maple sugar.

75.     Plaintiff and Class members could not have reasonably avoided the injuries suffered by purchasing the Quaker Oats Oatmeal that was significantly mislabeled because it was reasonable for Plaintiff and Class members to rely on Defendant's misrepresentations and omissions.

76.     The injury suffered by consumers as a result of Defendant's unfair and deceptive trade practices is substantial because consumers unknowingly paid for Quaker Oats Oatmeal that does not contain maple syrup and/or maple sugar as represented.

16

77.     As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiff and members of the Class suffered damages by purchasing Quaker Oats Oatmeal because they would not have purchased the Quaker Oats Oatmeal, or they would have paid substantially less for it, had they known the truth, and they received a product that was worth less than what they paid.

WHEREFORE, Plaintiff COURTNEY DREY, individually, and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.    Enjoining Defendant from making false representations and omissions concerning Quaker Oats Oatmeal that will be sold to customers;

E.    Awarding Plaintiff and the Class damages equal to the amount of actual damages that they sustained, plus punitive damages;

F.    Awarding Plaintiff and the Class attorneys' fees and costs, including interest thereon, as allowed or required by law; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

**THIRD CLAIM FOR RELEIF:**
**Common Law Fraud**
**(on Behalf of the Nationwide Class and the California Subclass)**

78.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-38 with the same force and effect as though fully set forth herein.

79.     The elements of a cause of action for fraud are: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the

statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *See, e.g., Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 496 (1996) (citing *Bd. of Educ. of City of Chicago v. A, C & S, Inc.*, 131 Ill.2d 428, 452 (1989)).

80. Defendant made false statements of material fact through its advertising for its Quaker Oats Oatmeal. Defendant misrepresented, and continues to misrepresent, that Quaker Oats Oatmeal contain maple syrup and/or maple sugar.

81. The fact that Quaker Oats Oatmeal does not contain maple syrup and/or maple sugar is a material fact that Defendant has falsely represented and/or actively concealed.

82. Defendant knew that Quaker Oats Oatmeal does not contain maple syrup and/or maple sugar at the time that it made the representations. Defendant's misrepresentations were made with scienter.

83. Defendant affirmatively misrepresented and actively concealed material facts regarding its Quaker Oats Oatmeal with the intent that Plaintiff and the members of the Class rely on the misrepresentations and purchase Quaker Oats Oatmeal.

84. Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented material facts, and if they had been aware of the truth, Plaintiff and Class members would not have purchased the Quaker Oats Oatmeal, or they had would have paid less for it.

85. It was reasonable for Plaintiff and the Class to rely on Defendant's misrepresentations and omissions and believe that Quaker Oats Oatmeal contained maple syrup and/or maple sugar.

18

86.     As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for Quaker Oats Oatmeal which did not contain any maple syrup and/or maple sugar as represented.

87.     As a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class suffered damages by purchasing Quaker Oats Oatmeal because they would not have purchased Quaker Oats Oatmeal, or they would have paid substantially less for it, had they known the truth, and they received a product that was worth less than what they paid.

WHEREFORE, Plaintiff COURTNEY DREY, individually, and on behalf of the Class and the California Subclass, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the California Subclass defined herein;

B.     Designating Plaintiff as representative of the Class and/or the California Subclass and her undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff, the Class, and/or the California Subclass and against Defendant;

D.     Awarding Plaintiff, the Class, and/or the California Subclass damages equal to the amount of actual damages that they sustained, plus punitive damages;

E.     Awarding Plaintiff, the Class, and/or the California Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

F.     Granting all such further and other relief as the Court deems just and appropriate.

**FOURTH CLAIM FOR RELIEF:**
**Fraudulent Misrepresentation**
**(on Behalf of the Nationwide Class and the California Subclass)**

88.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-38 with the same force and effect as though fully set forth herein.

19

89.     To succeed on a claim of fraudulent misrepresentation, a plaintiff must establish the following elements: (1) a false statement of material fact; (2) known or believed to be false by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance.

90.     Defendant made false statements of material fact through its advertising for the Quaker Oats Oatmeal.  Defendant misrepresented, and continues to misrepresent that Quaker Oats Oatmeal contains maple syrup and/or maple sugar when, in fact, it does not.

91.     The fact that Quaker Oats Oatmeal does not contain maple syrup and/or maple sugar is a material fact regarding Quaker Oats Oatmeal that Defendant has falsely represented and/or actively concealed.

92.     Defendant knew that its Quaker Oats Oatmeal did not contain maple syrup and/or maple sugar at the time that it made the representations.  Defendant's misrepresentations were made with scienter.

93.     Defendant affirmatively misrepresented and/or actively concealed material facts regarding the Quaker Oats Oatmeal with the intent that Plaintiff and the members of the Class rely on the misrepresentations and purchase Quaker Oats Oatmeal.

94.     Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented material facts, and if they had been aware of the truth, Plaintiff and Class members would not have purchased the Quaker Oats Oatmeal, or they would have paid less for it.

95.     It was reasonable for Plaintiff and the Class to believe that Quaker Oats Oatmeal contained maple syrup and/or maple sugar at the time when they purchased the products.

96.     As such, Plaintiff and Class members suffered injuries in fact—*i.e.*, the loss of the money that they paid for Quaker Oats Oatmeal which did not contain maple syrup and/or maple sugar as advertised.

97.     As a direct and proximate result of Defendant's fraudulent representation, Plaintiff and members of the Class suffered damages by purchasing the Quaker Oats Oatmeal because they would not have purchased Quaker Oats Oatmeal, or they would have paid substantially less for it, had they known the truth, and they received a product that was worth less than what they paid.

WHEREFORE, Plaintiff COURTNEY DREY, individually, and on behalf of the Class and the California Subclass, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the California Subclass defined herein;

B.     Designating Plaintiff as representative of the Class and/or the California Subclass and her undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff, the Class, and/or the California Subclass and against Defendant;

D.     Awarding Plaintiff, the Class, and/or the California Subclass damages equal to the amount of actual damages that they sustained;

E.     Awarding Plaintiff, the Class, and/or the California Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

F.     Granting all such further and other relief as the Court deems just and appropriate.

**FIFTH CLAIM FOR RELIEF**
**Violation of the Illinois Food, Drug and Cosmetic Act**
**(410 ILCS 620/1, *et seq.*) (on Behalf of the Nationwide Class and California Subclass)**

98.     Plaintiff repeats and re-alleges the allegations of the paragraphs 1-38 with the same force and effect as though fully set forth herein.

99.     Quaker Oats Oatmeal's labeling is false or misleading, and is therefore misbranded pursuant to 410 ILCS 620/11(a), because Quaker Oats Oatmeal's label expressly represents that Quaker Oats Oatmeal contains maple syrup and/or maple sugar when, in fact, it does not contain any maple syrup and/or maple sugar.

100.     The IFDCA prohibits "the manufacture, sale or delivery, holding or offering for sale any food, drug, device or cosmetic that is adulterated or misbranded."  410 ILCS 620/3.1.

101.     The IFDCA prohibits "misbranding of any food, drug, device or cosmetic."  410 ILCS 620/3.2.

102.     The IFDCA prohibits "the dissemination of any false advertisement."  410 ILCS 620/3.5.

103.     Defendant violated the IFDCA by misbranding Quaker Oats Oatmeal, by manufacturing and selling Quaker Oats Oatmeal that was misbranded, and by disseminating Quaker Oats Oatmeal labels that contained false advertisements.

104.     Defendant violated the IFDCA with the intent to defraud or mislead consumers, including Plaintiff and Class members.

105.     Plaintiff and Class members reasonably relied on Defendant's misrepresentations that Quaker Oats Oatmeal contained maple syrup and/or maple sugar in making the decision to purchase Quaker Oats Oatmeal.

106.     Acting as reasonable consumers, Plaintiff and Class members would not have purchased Quaker Oats Oatmeal, or they would have paid substantially less for it, had they known the truth, and they received a product that was worth less than what they paid.

107.     Plaintiff and members of the Class were damaged as a direct result of Defendant's violation of the IFDCA.

108.     "A private cause of action is found to exist under a statute where: (1) the plaintiff falls within the class of persons sought to be protected; (2) the plaintiff's injury is one intended to be prevented; (3) the cause of action is consistent with the underlying purpose of the statute; and (4) the private cause of action is necessary to effectuate the purpose of the statute, *i.e.,* a civil remedy is needed." *Reuben H. Donnelley Corp. v. Brauer*, 275 Ill.App.3d 300, 311 (1st Dist. 1995).

109.     Plaintiff and Class members fall within the class of persons sought to be protected by the IFDCA because they unknowingly purchased misbranded food as a result of the misrepresentations on Quaker Oats Oatmeal's label.  The IFDCA was designed to regulate the manner in which food, drug, and cosmetics could be manufactured, prepared, advertised, and sold to consumers.  Specifically, section 620/11 of the IFDCA was designed to prohibit food manufacturers and sellers from mislabeling food products such that they are misleading to consumers.  Misbranded food is prohibited under the IFDCA less consumers, such as Plaintiff and Class members, fall victim to the misrepresentations on the food's labeling.

110.     Plaintiff and Class members' common injury is one intended to be prevented by the IFDCA.  Section 620/11 of the IFDCA prohibits food manufacturers and sellers from mislabeling food products such that they are misleading to consumers in order to prevent consumers from buying food products because they reasonably believe false representations

about those food products. Plaintiff and Class members reasonably believed Defendant's misrepresentations that Quaker Oats Oatmeal contains maple syrup and/or maple sugar, and they would not have purchased Quaker Oats Oatmeal, or would have paid less for it, had they known the truth.

111. Granting Plaintiff and Class members a private right of action under the IFDCA is consistent with the underlying purpose of the IFDCA. The underlying purpose of section 620/11 of the IFDCA is to prevent consumers from being misled by false or misleading food labels. Allowing Defendant to be held liable for its deceptive conduct to Plaintiff and Class members who reasonably relied on the misrepresentations is consistent with that purpose.

112. Granting Plaintiff and Class members a private right of action under the IFDCA is necessary to effectuate the purpose of the IFDCA because the statute would be rendered meaningless if it could not be enforced. There would be no incentive keeping food manufacturers and sellers from misrepresenting food products to consumers if they could not be held liable to consumers for those misrepresentations.

113. Defendant's misbranding of Quaker Oats Oatmeal in violation of the IFDCA violates public policy because Defendant made material misrepresentations to consumers with the intent that consumers, including Plaintiff and Class members, rely on those misrepresentations to their detriment.

114. The injuries to Plaintiff and the members of the Class were caused by Defendant's conduct in disseminating false and misleading advertising that originated in the state of Illinois, including the misrepresentations on Quaker Oats Oatmeal's label described above. All of the marketing, advertising, labeling, and other promotional activities were coordinated at, emanate

from, and are developed at Defendant's Illinois headquarters. All critical decisions regarding Defendant's representations regarding Quaker Oats Oatmeal were made in Illinois.

115. When Plaintiff and the members of the Class purchased Quaker Oats Oatmeal, those payments were processed and the money was sent to Defendant's headquarters in Illinois.

WHEREFORE, Plaintiff COURTNEY DREY, individually, and on behalf of the Class and the California Subclass, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the California Subclass defined herein;

B. Designating Plaintiff as representative of the Class and the California Subclass and his undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff, the Class, and/or the California Subclass and against Defendant;

D. Awarding Plaintiff, the Class, and/or the California Subclass damages equal to the amount of actual damages that they sustained;

E. Awarding Plaintiff, the Class, and/or the California Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

F. Granting all such further and other relief as the Court deems just and appropriate.

**SIXTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(on Behalf of the Nationwide Class and the California Subclass)**

116. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-38 as if fully stated herein.

117. When a specific contract does not govern the relationship of the parties, and, therefore, no adequate remedy at law is applicable, an equitable remedy under a theory of unjust enrichment is available.

118.     To prevail on a claim of unjust enrichment, a plaintiff must prove: (1) that the defendant has unjustly retained a benefit to the plaintiff's detriment," and (2) "that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

119.     Plaintiff and members of the Class paid a retail price for Quaker Oats Oatmeal believing that the oatmeal products they purchased contained maple syrup and/or maple sugar. However, the Quaker Oats Oatmeal purchased by Plaintiff and members of the Class does not contain maple syrup and/or maple sugar as represented.

120.     Defendant has unjustly received and retained a benefit at the expense of Plaintiff and the Class because Defendant unlawfully acquired its profits for Quaker Oats Oatmeal appreciating and knowing that the oatmeal products purchased by Plaintiff and members of the Class did not contain maple syrup and/or maple sugar as represented.

121.     Defendant has acquired and retained money belonging to Plaintiff and the Class as a result of its wrongful conduct: misrepresenting that Quaker Oats Oatmeal contains maple syrup and/or maple sugar when it, in fact, does not.  Each individual sale of Quaker Oats Oatmeal nets Defendant profit at the expense of consumers.

122.     Acting as reasonable consumers, Plaintiff and the Class were unaware of these misrepresented material facts, and would not have purchased the Quaker Oats Oatmeal, or would have paid less for it, had they been aware of the truth, and they received a product that was worth less than what they paid.

123.     Plaintiff and the members of the Class have suffered damages as a direct result of Defendant's conduct.

124.    Defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience because Defendant misled Plaintiff and the Class into falsely believing the Quaker Oats Oatmeal contains maple syrup and/or maple sugar in order to unjustly receive and retain a benefit.

125.    Under the principles of equity, Defendant should not be allowed to keep the money belonging to Plaintiff and the members of the Class because Defendant has unjustly received it as a result of Defendant's unlawful actions described herein.

126.    Plaintiff, individually and on behalf of the Class, seeks restitution for Defendant's unlawful conduct, as well as interest and attorneys' fees and costs.

WHEREFORE, Plaintiff COURTNEY DREY, individually, and on behalf of the Class and the California Subclass, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action and certifying the Class and/or the California Subclass defined herein;

B.    Designating Plaintiff as representative of the Class and/or the California Subclass and her undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff, the Class, and/or the California Subclass and against Defendant;

D.    Awarding Plaintiff, the Class, and/or the California Subclass damages equal to the amount of actual damages that they sustained;

E.    Awarding Plaintiff, the Class, and/or the California Subclass attorneys' fees and costs, including interest thereon, as allowed or required by law; and

F.    Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims that may be so tried.

Respectfully submitted,

COURTNEY DREY,
individually, and on behalf of all
others similarly situated,

By:     s/James P. Batson
        *One of Her Attorneys*

        James P. Batson
        150 North Michigan St., STE 500
        Chicago, IL 60601
        (914) 523-2278
        jamespbatsonlegal@gmail.com

        Christopher V. Langone
        150 North Michigan St., STE 800
        Chicago, IL 60601
        (607) 592-2661
        langonelaw@gmail.com

28